FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 28 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
DIVINE McNEIL,

            Plaintiff,

      -against-

CITY OF NEW YORK; RIKERS ISLAND;
ANTHONY J. ANNUCCI,

            Defendants.
----------------------------------x

**MEMORANDUM AND ORDER**

18-CV-2647 (KAM)

KIYO A. MATSUMOTO, United States District Judge.

      On April 30, 2018, *pro se* plaintiff Divine McNeil, who is currently incarcerated at Clinton Correctional Facility, filed the instant action pursuant to 42 U.S.C. § 1983 seeking $20 million dollars for alleged violations of his Constitutional rights. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Plaintiff is granted thirty (30) days from the date of this memorandum and order to submit an amended complaint.

## I. Background

      The following facts are drawn from plaintiff's pleading and the exhibits attached thereto, the allegations of which are assumed to be true for purposes of this memorandum and order. Plaintiff alleges that from March 5, 2017 to October 30, 2017, he was assaulted by fellow inmates and held in unsafe housing areas.

(Complaint, ECF No. 1 at 5-6.) Plaintiff does not identify the alleged perpetrators of the aforementioned assaults or the specific facilities where each assault took place. (*Id.*) Plaintiff also alleges that he was beaten with a closed fist while handcuffed in a hospital, though it is unclear when or where this beating took place. (*Id.* at 6.) Plaintiff then alleges that he was attacked at the Bronx Supreme Court as well as at a Bronx area hospital. (*Id.* at 29.) However, the date or dates of the attacks in the Bronx are not clearly stated and the alleged attackers are not identified. (*Id.* at 29.) Defendant also alleges that he was sexually assaulted by Officer Caruso, who "grabbed hold of my private and jerked" while defendant screamed, "I'm being sexually assaulted." (*Id.* at 30.) Plaintiff's complaint indicates that Captain NEE witnessed the alleged assault by Officer Caruso on Rikers Island. (*Id.*) Plaintiff also alleges that on October 30, 2017 he was transferred from Rikers Island to Downstate Correctional Facility, where he was "handled, stripped, and mutilated by correction officers [and] then left in mental health unit," and, he "was held down and [his] butt spread by force by Officer Whittaker." (*Id.* at 31.) Plaintiff alleged that he submitted multiple grievances on multiple dates related to his allegations.

2

## II. Standard of Review

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such

relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134, n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

### A. Rule 8: A Short and Plain Statement

Rule 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8. This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 662,678 (2009) (quoting *Twombly*, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Twombley*, 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47); *see also Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512 (2002).

### III. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

4

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To state a claim under 42 U.S.C. §1983 a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.; see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."); *Schiff v. Suffolk Cty. Police Dep't*, No. 12-CV-1410, 2015 WL 1774704, at *5 (E.D.N.Y. Apr. 20, 2015) (citing *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir.1985)).

5

## A. Plaintiff's Claims Against The City of New York

Plaintiff fails to adequately allege a cause of action against the City. In order to sustain a claim for relief under Section 1983 against a municipal defendant such as the City, plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy, custom or usage and the deprivation of a constitutional right. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Absent a showing of a custom, policy, or usage, a municipality cannot be held liable under Section 1983 on the basis of *respondeat superior* for the tort of its employee. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) ("[U]nder § 1983, local governments are responsible only for 'their own illegal acts.' . . . They are not vicariously liable under § 1983 for their employees' actions.").

A policy or custom may be established by:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff.

*Moran v. Cnty. of Suffolk*, No. 11-CV-3704, 2015 WL 1321685, at *9 (E.D.N.Y. Mar. 24, 2015) (citing *Parker v. City of Long Beach*, 563 F. App'x 39 (2d Cir.2014) (summary order), *as amended*, (Apr. 21, 2014); *Monell*, 436 U.S. at 691 (finding that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014); *Hines v. Albany Police Dep't*, 520 F. App'x 5, 7 (2d Cir. 2013) (summary order); *Schnitter v. City of Rochester*, 556 F. App'x 5, 8 (2d Cir. 2014) (summary order); *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order)); *Aguirre v. City of New York*, No. 15-CV-6043, 2017 WL 4236552, at *4 (E.D.N.Y. Sept. 22, 2017). Here, plaintiff fails to allege any facts to show that he has a plausible claim against the City of New York. *See Meehan v. Kenville*, 555 F. App'x. 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality"); *see also Siino v. City of New York*, No. 14 CV 7217, 2015 WL 4210827, at *4 (E.D.N.Y. Jul. 9, 2015) (citing *Monell*, 436 U.S. 658, 694-95) ("Plaintiff's vague and conclusory assertions that the City of New York has policies, practices and customs which violated her constitutional rights are insufficient to meet the pleadings standards required to establish liability under *Monell*."). Accordingly, plaintiff's claim against

the City of New York is dismissed for failure to state a claim on which relief may be granted.[1]

B. **Plaintiff's Claims Against Rikers Island Correctional Facility**

"Rikers Island is not a 'person' within the meaning of § 1983, and as part of the New York City Department of Correction, an agency of the City of New York, [Rikers Island] cannot be sued independently." *Bromfield v. New York State*, No. 15-CV-3529, 2016 WL 2917611, at *3 (E.D.N.Y. May 18, 2016) (citation omitted); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n. 20 (2d Cir. 2007) ("Jenkins sued the City of New York and the NYPD separately. The district court correctly noted that the NYPD is a non-suable agency of the City."); *Waltenberg v. New York City Dep't of Correction*, 376 F. Supp. 41, 43-44 (S.D.N.Y. 1974) ("Insofar as the defendant Department of Corrections is concerned, it is merely one of several departments and agencies that comprise the municipality of the City of New York and as such is not a 'person' within the meaning of 42 U.S.C. § 1983 . . . ."); *Scarlett v. Rikers Island*, No. 17-CV-6039, 2017 WL 5312121, at *1 (E.D.N.Y.

---

[1] Plaintiff's Complaint includes as a second cause of action "any actions provided by NYC Law," but does not specify the defendant against whom the cause of action is alleged. (ECF No. 1 at 6.) This allegation falls far short of the standard in Fed. R. Civ. P. 8 which requires a "short and plain statement showing that the pleader is entitled to relief." As plaintiff fails to cite any New York law under which relief is sought or the basis for such relief, plaintiff's second cause of action is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

Nov. 13, 2017) (noting that Rikers Island is an improper party to a § 1983 action). Accordingly, plaintiff's claim against Rikers Island is dismissed for failure to state a claim on which relief may be granted.

### C. Plaintiff's Claims Against Anthony J. Annucci

Plaintiff's complaint fails to state a claim against Anthony J. Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision. To succeed in an action for damages pursuant to § 1983, plaintiff must show that the defendant, Acting Commissioner Annucci, was personally involved in the violation of his constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 115-116 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant . . . . § 1983 requires individual, personalized liability on the part of each government [official] defendant."). A plaintiff cannot recover against a defendant under § 1983 solely on a theory of vicarious liability or *respondeat superior*. *See, e.g., Iqbal,* 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing

9

of some personal responsibility, and cannot rest on *respondeat superior*.").

It is well settled in the Second Circuit that to establish a defendant's personal involvement in an alleged constitutional deprivation in an action pursuant to § 1983 the plaintiff must show:

> . . . (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (emphasis omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Here, plaintiff failed to plead any facts showing Acting Commissioner Annucci's personal involvement in any of the alleged violations asserted in his complaint. Plaintiff fails to allege that Acting Commissioner Annucci had any direct involvement with, knowledge of, or responsibility for any alleged deprivation of his plaintiff's rights in order to hold him liable under § 1983 in his personal capacity. *See, e.g., Jones v. Annucci*, No. 16-CV-3516, 2018 WL 910594, at *12 (S.D.N.Y. Feb. 14, 2018) (dismissing claims against Acting Commissioner Annucci

for lack of personal involvement); *Allah v. Annucci*, No. 16-CV-1841, 2017 WL 3972517, at *8 (S.D.N.Y. Sept. 7, 2017) (finding that plaintiff's conclusory allegations that Acting Commissioner Annucci failed to correct a discriminatory policy were insufficient to demonstrate that Acting Commissioner Annucci participated in depriving plaintiff of his constitutional rights). Accordingly, plaintiff's claim against Acting Commissioner Annucci is dismissed for failure to state a claim on which relief may be granted.

### IV. Leave to Amend

Plaintiff's complaint, as presently pled, fails to state a claim against the named defendants. In light of plaintiff's *pro se* status, he is granted 30 days from the date of this order to file an amended complaint, except that he may not assert claims against Riker's Island. Plaintiff is advised that should he elect to file an amended complaint he must plead sufficient facts to allege a violation of his constitutional rights by each named defendant. The amended complaint and must comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires a short and plain statement of plaintiff's claim.

Plaintiff must name as proper defendants individuals who have some personal involvement in the action he alleges in the amended complaint. *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the

11

official's own individual actions, violated the Constitution."). If plaintiff wishes to bring a claim against a defendant and he does not know the name of the individual, he may identify the individual as John or Jane Doe, and to the best of his ability describe the individual and the acts or omissions of the Doe defendant. Plaintiff must state the dates that the alleged violations occurred and indicate at which correctional facility each incident occurred. Plaintiff must also state with specificity any efforts made to exhaust his administrative remedies in accordance with the applicable rules defined by the prison grievance process. *See Jones v. Bock*, 549 U.S. 199, 211(2007). If plaintiff fails to file an amended complaint within the days allowed or show good cause why he cannot comply, judgment shall enter dismissing this action.

## V. Conclusion

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff is granted thirty days leave from the date of this memorandum and order to file an amended complaint as detailed above. All further proceedings shall be stayed for 30 days. The Clerk of Court is directed to provide a prisoner complaint form to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in*

*forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to *pro se* plaintiff and note service on the docket no later than October 1, 2018.

**SO ORDERED.**

Dated:   September 27, 2018
         Brooklyn, New York

                                            /s/
                                    _____
                                    **HON. KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York